IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-cv-0145-CG-MU |
| | ) | |
| CITY OF MOBILE, AL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINDER IN CITATION OF SUPPLEMENTAL AUTHORITY

COMES NOW Defendant Donald Pears (hereinafter "Officer Pears"), by and through undersigned counsel of record, and files his Joinder in Co-Defendants' Mark Neno and Thomas Calhoun's Citation of Supplemental Authority (Doc. 107) in support of the Officer Defendants' Motions to Dismiss, stating as follows:

At oral argument of pending motions to dismiss on May 23, 2018, counsel for co-defendants Mark Neno and Thomas Calhoun brought to the Court's attention the case of *Marchelletta v. Bergstrom*, 2016 WL10537558 (N.D. Ga., January 25, 2016). [Transcript of Proceedings at 42]. In that case, the district court held that law enforcement officers sued on *Brady* claims for alleged suppression of exculpatory evidence were entitled to qualified immunity because the complaint alleged that the prosecutors were personally aware of the suppressed evidence.

In a decision released September 25, 2018, the Eleventh Circuit Court of Appeals affirmed the district court's decision, concluding that the law enforcement officers were entitled to qualified immunity. The court held:

> The suppression claim against the Law Enforcement Defendants also fails
> because they are entitled to qualified immunity, as the district court concluded.

{04610100.1}

> The first amended complaint alleged that the Prosecutor Defendants knew of the allegedly suppressed exculpatory evidence. That is a claim killing allegation because an investigator has "no duty to inform the prosecutor's office of exculpatory evidence that the officer has reason to believe is already known to that office." The prosecutors' alleged knowledge of the evidence is reason for the investigators to believe they already knew about it, at least where the first amended complaint does
> not say to the contrary.

[Opinion at 12 - 13 (internal citation omitted)].[1]

Noting that every allegation of suppression in the complaint named both the prosecutors and the law enforcement officers as the suppressors, and that "[a]n allegation that a person suppressed evidence necessarily assumes that the suppressor had knowledge of that evidence," the court concluded:

> Because the only reasonable inference from the first amended complaint's allegation is that the Prosecutor Defendants knew of the allegedly suppressed evidence, and because the Law Enforcement Defendants had no duty to disclose that evidence in light of the Prosecutor Defendants' knowledge of it, the district court properly ruled that the Law Enforcement Defendants were entitled to qualified immunity.

[Id. at 13 - 14].  The court summed up its holding:

> The Prosecutor Defendants are entitled to absolute immunity on the suppression claims and the Law Enforcement Defendants are entitled to qualified immunity on those claims due to the Prosecutor Defendants' knowledge of the allegedly suppressed evidence.

[Id. at 16].

The amended complaint in the present case contains the same "claim killing allegation" that entitled the law enforcement officers to qualified immunity in *Marchelletta*. Here, the amended complaint affirmatively alleges that the prosecutors knew of and had "possession, custody or control" of the exculpatory evidence. [Amended Complaint at 5, ¶ 7 ("Calhoun and

---

[1] Counsel for co-defendants Mark Neno and Thomas Calhoun have provided the Court with a copy of the *Marchelletta* decision.

the AG Defendants, and each of them, knew of the existence of the exculpatory evidence and other evidence undermining probable cause for an arrest, prosecution and conviction of Plaintiff."); id. at 21, ¶ 40("Despite the existence of exculpatory evidence within the possession, custody or control of the AG Defendants and the MPD Defendants, no exculpatory evidence was ever produced to Mr. Martin's criminal trial counsel.")].

Further, the amended complaint alleges that the prosecutors suppressed the exculpatory evidence in violation of *Brady.* [Amended Complaint at 51, ¶ 108 ("prior to Plaintiff's conviction, and continuing thereafter, the AG Defendants, acting individually and in concert with one another, and despite having within their possession and control exculpatory evidence that proved Plaintiff innocent of the alleged crime or at least created substantial reasonable doubt as to Plaintiff being its perpetrator, covered up, lied about, and withheld knowledge from Plaintiff of the Brady Material, in violation of clearly established constitutional law.")].[2]

Because the amended complaint affirmatively alleges that the prosecutors knew of, and had possession, custody and control of, the allegedly suppressed evidence, and because the police officer defendants had no duty to disclose that evidence in light of the prosecutor's knowledge and possession of it, the defendant police officers are entitled to qualified immunity.

---

[2] As previously noted in the Officer Defendants' Motions to Dismiss, Plaintiff's Response in Opposition to Defendants the State of Alabama and the AG Defendants' Amended Motion to Dismiss makes the same allegations.  (*See* Doc. 66, at 24) ("The Amended Complaint enumerates in great detail that the AG Defendants willfully directed or facilitated the suppression of numerous pieces of exculpatory evidence in violation of *Brady*.").

*/s/ Kenyen R. Brown*

Kenyen R. Brown
Alvin K. Hope, II
Mark L. Redditt
H. Finn Cox, Jr.
Attorneys for Defendant, Donald Pears
MAYNARD COOPER & GALE, P.C.
11 North Water Street, Suite 24290
Mobile, Alabama  36602
T:  251.432.0001
*kbrown@maynardcooper.com*
*ahope@maynardcooper.com*
*mredditt@maynardcooper.com*
*fcox@maynardcooper.com*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of October, 2018, filed the foregoing pleading with the Clerk of Court via the CM/ECF Filing System which will automatically forward notice of such filing to all counsel of record.

*/s/ Kenyen R. Brown*

{04610100.1}                                  4