IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| GEORGE MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MOBILE, ALABAMA, a municipal corporation; et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:17-CV-00145-CG-MU |

**PLAINTIFF'S RESPONSE TO SURREBUTTAL BRIEF OF CITY DEFENDANTS**

    For the first time in their surrebuttal brief, the City Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the instant civil proceeding entirely and that dismissal is appropriate. (Dkt. 114 at 2.) Citing *Edwards v. Balisok*, 520 U.S. 641 (1997), the City Defendants claim that "the *Heck* rule calls for a dismissal, not a stay, of a conviction-impugning civil action[.]" (Dkt. 114 at 2.) Not only is this argument new, it contradicts the City Defendants' previous argument: "*Heck* and its progeny do not bar this civil suit and provide no support for a stay[.]" (Dkt. 110 at 4.) Ironically, the City Defendants argue that Plaintiff wants to have it "both ways." (Dkt. 114 at 9.) But Plaintiff does not want it both ways; Plaintiff desires only a single remedy: a stay of these civil proceedings in light of the pending state criminal retrial running in parallel.

    *Edwards v. Balisok* is inapposite. In *Edwards*, the conviction and sentence of the plaintiff was never invalidated. Accordingly, the Court in *Edwards* did not conduct any analysis of when the plaintiff's § 1983 claims accrued and the statute of limitations began to run vis-a-vis the date when the plaintiff's conviction or sentence was invalidated. Instead, the Court in *Edwards* simply held that the plaintiff's claims were not cognizable at all. 520 U.S. at 648.

- PAGE 1

Moreover, the plaintiff's § 1983 claims in *Edwards* alleged that a prison's procedures used in a disciplinary hearing deprived him of good-time credits towards early release and violated his Fourteenth Amendment due process rights. *See id.* at 643. In parallel with his federal action, the plaintiff pursued a state court action to restore his good-time credits. *Id.* at 644. Plaintiff's § 1983 claims here cannot, in good faith, be compared to the plaintiff's § 1983 claims regarding good-time credits in *Edwards*. Plaintiff's 1983 claims challenge the substantive underpinnings of the state criminal proceeding, which is what supports a stay of the proceedings. *See Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) (when a "conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

Accordingly, the City Defendants' reliance on *Edwards* to support a dismissal is misplaced.

## Conclusion

Plaintiff reiterates his request for a stay of the proceedings pending the conclusion of the state criminal retrial. As argued in Plaintiff's original motion, a stay should be imposed because Plaintiff's § 1983 claims involve overlapping issues with the state criminal retrial, and the balance of interests favor a stay. Further, dismissal would only be appropriate if the section 1983 claims have not yet accrued and the dismissal is without prejudice.

- PAGE 2

DATE: November 15, 2018

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: s/ John H. Sharer
    John H. Sharer*
    Zathrina Zasell G. Perez*

*pro hac vice admitted

333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ATTORNEYS FOR PLAINTIFF
GEORGE MARTIN

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 15th day of November, 2018, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system which will send notification of same to the following CM/ECF participants:

**Benjamin H. Albritton** – generalcivil@ago.state.al.us

**Ricardo Andrew Woods** – ricardowoods@burr.com

**Michael David Strasavich** – mike.strasavich@burr.com

**Dorothy A. Barker** – dbp@frazergreene.com

**Neal C. Townsend** – neal.townsend@arlaw.com

**Thomas O. Gaillard, III** – tog@helmsinglaw.com

**William W. Watts, III** – www@helmsinglaw.com

**Kenyen Ray Brown** – kbrown@maynardcooper.com

**Mark L. Redditt** – mredditt@maynardcooper.com

**James B. Rossler** – jrossler@earthlink.net

**Raymond Lloyd Bell, Jr.** – rbell@belllawfirm.net


Dated: November 15, 2018                    s/ John H. Sharer_____

                                              Attorney for PLAINTIFF GEORGE MARTIN