## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 17-0145-CG-MU** |
| | ) | |
| **CITY OF MOBILE, ALABAMA,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Defendants', City of Mobile, Alabama, Donald Pears, Thomas Calhoun, Charles Bailey, Wilbur Williams, and Mark Neno,[1] motions to dismiss all counts and causes of action made against them by Plaintiff in this action (Docs. 68, 70, 72, 75, 76, 77), Plaintiff's response in opposition to these motions (Doc. 88), and Defendants' replies (Docs. 89, 90, 91, 92, 93, and 94). Additionally, because this action was stayed pending the outcome of a second criminal trial, this Court allowed the parties to supplement their previous pleadings upon the stay being lifted. (Doc. 132). As such, Plaintiff has filed a supplemental response in opposition to Defendants' motions (Doc. 133), the City of Mobile and the MPD defendants have filed their supplemental motions to dismiss (Docs. 134 and 135), Plaintiff has responded to the supplemental motions to dismiss (Doc. 136) and all Defendants have filed a consolidated response to Plaintiff's supplemental

---

[1] Pears, Calhoun, Bailey, Williams, and Neno are referred to herein collectively as the "MPD Defendants."

response (Doc. 137).  After consideration of the relevant pleadings and law, and for the reasons set forth herein below, the undersigned finds that Defendants' motions are GRANTED.  Plaintiff's § 1983 claims are dismissed without prejudice as premature pursuant to *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994).  Additionally, Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) as this Court will not exercise supplemental jurisdiction over those claims.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In May 2000, Plaintiff was convicted of capital murder by a jury for the 1995 death of his wife, Hammoleketh Martin.  (Doc. 105 at 4). In July 2000, Plaintiff was sentenced to death.  (*Id.*)  Seven years after initiating post-conviction proceedings, on August 30, 2013, the Mobile Circuit Court issued an Order vacating Martin's conviction and death sentence and granting him a new trial after finding that the State of Alabama engaged in multiple violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) during the investigation of Martin and the prosecution and trial for Mrs. Martin's murder.  The State appealed the Order, but it was unanimously affirmed by the Court of Criminal Appeals on December 12, 2014, and the Alabama Supreme Court denied the State's petition of certiorari on April 17, 2015.

---

[2] For the sake of judicial economy and because the underlying facts are not disputed, the facts in this Order are restated from this Court's previous order on the motion to stay and updated with the relevant procedural background. (Doc. 118).

On May 7, 2015, the Mobile Circuit Court ("Circuit Court") granted Plaintiff's release on bond. On July 20, 2015, Plaintiff moved to dismiss the underlying criminal indictment with prejudice pursuant to the Circuit Court's authority to sanction discovery and disclosure abuse. The Circuit Court dismissed the indictment against Plaintiff with prejudice on March 14, 2016, finding that the State had acted willfully and intentionally in depriving Plaintiff of his constitutional rights and that Plaintiff suffered prejudice that could not be corrected by a new trial. (*Id*. at 5).

On April 6, 2017, Plaintiff filed this action against the City of Mobile ("City") the County of Mobile ("County"), and the State of Alabama, and against Thomas Calhoun, Wilbur Williams, Donald Pears, Charles Bailey, Mark Neno, State of Alabama, Donald Valeska, William Dill, and Gerrilyn Grant in their individual and official capacities for violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, and for false arrest, malicious prosecution, false imprisonment, abuse of process, and outrage based upon his wrongful conviction of the capital murder of his wife. (Doc. 1). Plaintiff's Complaint was amended on June 6, 2017, wherein he dropped the County of Mobile as a defendant. (Doc. 43).

On June 13, 2017, the State and the former Alabama Assistant Attorneys General Donald Valeska, William Dill, and Gerrilyn Grant ("AG Defendants") filed a motion to dismiss the amended complaint based on claimed sovereign and prosecutorial immunity. (Doc. 47.) Subsequently, on July 31, 2017 and August 7, 2017, the City and the remaining individual defendants filed their motions to

dismiss based on a claim of qualified immunity, failure to state a claim, and statute of limitations grounds. (Docs. 68, 70, 72, 75, 75, 77).

On March 29, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the motions to dismiss filed by the State of Alabama and AG Defendants be granted (Doc. 95) which was adopted by the District Judge on September 28, 2018 (Doc. 104). On May 23, 2018, a hearing was held before the Magistrate Judge on the fully-briefed motions to dismiss relating to the city defendants. (*See* Docket Minute Entry dated 5/23/2018).

After the hearing, but prior to entry of any order on the remaining motions to dismiss, the Alabama Supreme Court reversed the dismissal of the second indictment against Plaintiff on the sole ground that there was no reason that the prejudice suffered by Plaintiff could not be corrected by a new trial and, therefore, the sanction of dismissal of the indictment was not warranted. On September 13, 2018, this Court requested that the parties file a brief statement asserting their positions as to the action that this Court should take in light of the Supreme Court's opinion. (Doc. 101). The parties filed a joint document outlining their opposing positions as to the effect of the reversal. (Doc. 102). Subsequently on October 3, 2018, Plaintiff filed a motion to stay (Doc. 105), which was granted pending the outcome of Plaintiff's second criminal trial. (Doc. 1118). On July 7, 2019, Plaintiff was again convicted of capital murder for the death of his wife. (Doc. 123). The second conviction prompted defendants to file a Motion to Lift the Stay (Doc. 127) which was granted by this Court on August 28, 2019 (Doc. 132). In its Order lifting

the stay, this Court instructed the parties to file any necessary supplemental briefing on the still pending motions to dismiss. (*Id*.) On September 30, 2019, Plaintiff filed his supplemental response in opposition to Defendants' motions to dismiss (Doc. 133). The same day, the individual Defendants and the City of Mobile filed their respective supplemental motions to dismiss (Doc. 134 and 135).[3] On October 7, 2019, the parties filed their responses in opposition to the other's supplemental pleadings (Docs. 136 and 137). The motions to dismiss are now fully briefed and ripe for adjudication.

## 1. Counts I, II, and III: Claims pursuant to § 1983

In their initial motions to dismiss, Defendants spent a significant amount of time detailing the factual allegations of Plaintiff's Complaint and the issue of whether the claims against the MPD Defendants and the City of Mobile should be dismissed based on claims of qualified immunity, failure to state a claim, and the statute of limitations. (*See* Docs. 68, 70, 72, 75, 76, 77). These arguments were made more complex by the ambiguity in the Complaint as to exactly what type(s) of § 1983 claims were being asserted, i.e., false arrest, false imprisonment, *Brady* violations, etc. However, in light of the Supreme Court of Alabama's reversal of the dismissal of the second indictment which led to Plaintiff being retried for the murder of his wife and because Plaintiff has now recently been convicted of his wife's murder, the supplemental motions to dismiss and the related pleadings

---

[3] In its supplemental motion, the City of Mobile also adopted the arguments set forth in the MPD Defendants' supplemental motion. As such, this order will refer to the arguments presented as those of the "Defendants", unless otherwise specified.

assert that *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) requires the dismissal of Plaintiff's § 1983 claims. (Docs. 134, 135, and 137, generally). Because whether *Heck* requires dismissal of Plaintiff's claims at this juncture is potentially dispositive of many of the other arguments that have been raised by Defendants previously, this Court will first address the implications of Plaintiff's second conviction and *Heck*.

In *Heck*, the Supreme Court held that "[i]n order to recover damages for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction ... has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A plaintiff may not bring a civil rights suit if a favorable result in the suit would necessarily demonstrate the invalidity of an outstanding criminal judgment against the plaintiff. *Id.* at 487, 114 S.Ct. 2364. Under the analysis in *Heck*, a court must look to the common-law tort most analogous to the plaintiff's claims. *Heck*, 512 U.S. at 484.

Counts I, II, and III of Plaintiff's Complaint assert claims pursuant to § 1983 against the City of Mobile and the MPD Defendants.[4] Because the complaint is not entirely clear, Defendants have made an effort to argue that dismissal is warranted as to all of Plaintiff's § 1983 claims, regardless of to what tort they might be most

---

[4] Count I was asserted against the City of Mobile and the MPD Defendants. (Doc. 43). Counts II and III were asserted only against the MPD Defendants. (*Id.*)

closely compared.[5]  However, through the course of this action, Plaintiff has

clarified that *all* of his § 1983 claims are analogous to a malicious prosecution claim.

(*See* Doc. 88 at 42-46; Doc. 136 at 1; PageID.1453)("As discussed throughout the

briefing and supplemental briefing on Defendants' Motion to Dismiss, Mr. Martin's

§1983 claims are for malicious prosecution or are for claims analogous to malicious

prosecution.").  "To establish a federal claim for malicious prosecution under §

1983, a plaintiff must prove (1) the elements of the common-law tort of malicious

prosecution and (2) a violation of his Fourth Amendment right to be free from

unreasonable seizures." *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018); *Grider*

*v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010).  To prove a malicious

prosecution claim in the Eleventh Circuit, a plaintiff needs to show: "(1) a criminal

prosecution instituted or continued by the present defendant; (2) with malice and

without probable cause; (3) that terminated in the plaintiff accused's favor; and (4)

caused damage to the plaintiff accused." *Kjellsen v. Mills*, 517 F.3d 1232, 1237

(11th Cir. 2008).

Plaintiff maintains his previous position that this action should continue to

be stayed pending the final resolution of his criminal proceedings.  (Doc. 133 at 1).

Alternatively, Plaintiff asserts - without waiving any of his previous arguments-

---

[5] For example, Defendants have asserted that any § 1983 claims that might be analogous to false arrest/false imprisonment or are being pursued on the theory that they implicate only Plaintiff's first conviction are barred by the statute of limitations.  (Doc. 134).  However, since Plaintiff has made it clear his § 1983 claims are analogous to malicious prosecution claims, this Court need not address the statute of limitations grounds asserted by Defendants.

and "to the extent that the Court is considering a possible dismissal, […] any such dismissal must be without prejudice." (*Id*. at 1-2; PageID.1280-81). Plaintiff acknowledges that a dismissal without prejudice is appropriate in order to avoid the potential for conflicting outcomes as contemplated by the Court in *Heck*. (Doc. 133 at 2). In so doing, Plaintiff again confirms that his § 1983 claims are most analogous to the common law cause of action for malicious prosecution, which requires that a plaintiff show the criminal prosecution terminated in the plaintiff's favor. (Doc. 133 at 2-3). Likewise, the City of Mobile and the MPD Defendants also assert that dismissal of Plaintiff's § 1983 claims are dictated by *Heck* and should be dismissed without prejudice because Plaintiff's second conviction means that the criminal proceeding has not terminated in Plaintiff's favor.[6] (Docs. 134, 135, and 137). Because the parties do not dispute that the § 1983 claims are barred by *Heck*, Plaintiff's § 1983 claims (Counts I, II, and III) are dismissed without prejudice.[7]

### 2. Counts VII, VIII, IX, X, and XI; State Law Claims

Plaintiff has asserted state law claims against Defendants for false arrest, malicious prosecution, false imprisonment, abuse of process, and the tort of outrage.

---

[6] Of note, this position is opposite of the position that Defendants have taken up until this point. (*See* Docs. 110 and 113). In fact, the Defendants have repeatedly argued that *Heck* did not bar this action because Plaintiff's § 1983 cause of action began to accrue on the date his conviction was vacated and that there existed no conviction to which this civil action could impugn regardless of whether Plaintiff was convicted upon retrial. (*Id*. at 4; PageID.1076 "Plaintiff's conviction for murder has been reversed and the Alabama Supreme Court has remanded plaintiff for a new trial. There is no extant conviction to be impugned.").

[7] The Court accepts the parties' positions that *Heck* bars Plaintiff's § 1983 claims, without independently analyzing the same.

(Doc. 43). Defendants argue that Plaintiff's state law claims are due to be dismissed or, in the alternative, that this Court should decline to exercise jurisdiction over them. (Doc. 134 at 13-14). Plaintiff's supplemental response and response to Defendants' supplemental motion (Docs. 133 and 136) fail to address his state law claims altogether.

Plaintiff's Complaint asserts federal question jurisdiction over the § 1983 claims and supplemental jurisdiction over his remaining state law claims. (Doc. 43 at 5). Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (*citing Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994)). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 370 F.3d at 1089.

Of the eight causes of action asserted by Plaintiff against the remaining Defendants, three assert federal claims. Because this Court has determined that all of Plaintiff's federal claims are due to be dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental

jurisdiction over the state claims against Defendant." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). As a result, Plaintiff's remaining state law claims are dismissed to allow Plaintiff to pursue his claims in a more appropriate forum. The state court is best equipped to research and rule on matters of state law and neither judicial economy nor fairness to other litigants supports retaining jurisdiction over Plaintiff's state law claims in this instance.

## CONCLUSION

For the reasons set forth herein above, Defendants' Motions to Dismiss Plaintiff's claims pursuant to § 1983 are granted. Plaintiff's § 1983 claims are dismissed without prejudice as premature pursuant to *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994). Additionally, Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) as this Court will not exercise supplemental jurisdiction over those claims.

**DONE and ORDERED** this 15th day of October, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE